**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **STEVEN FRAZIER AND WANDA FRAZIER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.  07-1267** |
| | * | |
| **PREMIER PARTY RENTALS, INC.,** | * | **SECT. N   MAG.1** |
| **KOHLER COMPANY AND** | * | |
| **ARCH SPECIALTY INSURANCE COMPANY** | * | |
| **\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*** | | |

**FILED: _____**

$\hspace{8cm}$ _____

$\hspace{8cm}$ **DEPUTY CLERK**

## THIRD PARTY DEMAND

Now comes defendant, Kohler Company, through undersigned counsel, appearing as

Third Party Plaintiff, respectfully represents:

**1.**

Kohler, appearing as Third Party Plaintiff, reurges and incorporates herein by reference all

defenses pleaded in its original and supplemental answers.

**2.**

As Third Party Plaintiff, Third Party Defendant Premier Party Rentals, Inc., is a Florida

corporation, which should be added as a Third Party Defendant for the following reasons:

**3.**

Kohler leased to Premier Party, Inc. the subject trailer described in Plaintiff's Petition in this case after Hurricane Katrina.  Premier Party was using the trailer in Louisiana after Hurricane Katrina at the time of the alleged accident described in Plaintiff's petition within the Eastern District of Louisiana, so that this Court has jurisdiction over Third Party Defendant and venue is proper as to third party defendant .

**4.**

At the time of Plaintiff's alleged accident, the trailer had been in the possession and custody of Premier Party in this judicial district since shortly after the hurricane.  During that time, Kohler never saw the trailer because it was on Third Party Defendant's job site in Washington Parish, Louisiana.   Third Party Defendant had the garde of the trailer from the time of the first rental to the time of the alleged accident per Louisiana Civil Code Article 2317.  Kohler inspected the trailer and the trailer steps before lessee Premier Party Rentals, Inc. took possession and garde of the trailer, and found no problems in the trailer steps which are at issue in this case.

**5.**

On information and belief, and from information now available to Kohler, the steps were in good condition when Kohler last saw them prior to the alleged accident.  During the period of time after the last Kohler inspection, when Third Party Defendant was in possession of the trailer in Washington Parish,  if any hazard in the condition of the steps existed, Third Party Defendant failed to inspect the said steps, and failed to give Kohler notice of any hazard in the condition of the steps prior to Plaintiff's alleged accident. The  negligence of Third Party Defendant in failing to inspect

and give notice of any hazardous conditions (if any existed) was an intervening cause, and the sole cause in fact of the accident.

**6.**

Kohler further represents that Premier Party should indemnify Kohler for any damages for which Kohler may be cast in this case because the alleged fault of Kohler (if any) with respect to any hazard in the condition of the steps which developed while Premier Party Rentals, Inc. had the garde of the steps at the time of the accident was passive, but the fault of Third Party Defendant in failing give notice to Kohler or to take the steps out of service (if they were in a hazardous condition prior to the alleged accident)  was active fault.

**7**.

Kohler further represents that its alleged fault was passive because under the Louisiana Products Liability Act because Kohler was allegedly a statutory "manufacturer" of the unit because Kohler finally sold and put the unit into service and put its name on the trailer, even though Kohler did not design or manufacture the steps of the subject trailer  which are the only trailer parts at issue in this case.

**8.**

Kohler further represents that Further, the rental agreements between Kohler and Premier Party Rentals, Inc. place the burden of any liability for claims arising during the lease on Premier Party Rentals, Inc. and were a part of a course or dealings between Kohler and Premier Party.

**9.**

Kohler further represents that Premier Party is liable for any damages Kohler is ordered to pay in this case  under Article  1967 of the Louisiana Civil Code for detrimental reliance because

Kohler relied on Premier Party to assume its legal obligations under the law to keep the steps in good repair, and to warn Kohler of any problems with the condition of the steps. Further, when Premier Party renewed the lease after Hurricane Katrina, Premier Party did not warn or advise Kohler of any problem with the condition of the steps.  If the steps were in a hazardous condition,  Kohler relied on the silence of Premier Party to Kohler's detriment.

**10.**

Kohler further represents that Premier Party as Kohler's obligee under the contract with Kohler is liable to Kohler for damages under Article 2003 of the Louisiana Civil Code because Premier Party concealed facts concerning the condition of the steps  from Kohler at the time of the renewals of the rental contracts after Hurricane Katrina which Premier Party knew or should have known would lead to liability claims against Kohler.

**11.**

Kohler further represents that Premier Party as obligor under its contract with  Kohler is liable to Kohler under Louisiana Civil Code Article 1997 for all damages which are a direct consequence of Premier Party's failure to keep the steps in proper repair, or to put Kohler on notice of any deficiencies in the steps prior to the alleged accident described in Plaintiff's petition.

**12.**

Kohler further represents that all parties have consented to the filing of this Third Party Claim as required by FRCP Rule 14.

**WHEREFORE**, Defendant Kohler prays that plaintiffs' petition be dismissed at their costs, and alternatively prays that  if Kohler is liable to plaintiffs for any amount whatsoever, for a judgment that Third Party Defendant Premier Party Rentals, Inc. should  indemnify or pay damages

to Kohler for any amount for which Kohler may be held liable in this case, and for all general and

equitable relief.

<div style="margin-left: 40%;">

Respectfully submitted,


**/s/ Sidney L. Shushan**
**SIDNEY L. SHUSHAN, # 12055**
**JONATHAN M. SHUSHAN, #21977**
GUSTE, BARNETT & SHUSHAN, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, LA    70113-7103
Telephone: (504) 529-4141
Facsimile:   (504) 561-0326
Email: slshushan@gbsnola.com
**ATTORNEYS FOR KOHLER COMPANY**

</div>

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

STEVEN FRAZIER AND WANDA FRAZIER   *     CIVIL ACTION
                                                    *

VERSUS                                    *     *NO.  07-1267
                                                    *

PREMIER PARTY RENTALS, INC.,         *     SECT. N   MAG.1
KOHLER COMPANY AND                  *
ARCH SPECIALTY INSURANCE COMPANY *
* * * * * * * * * * * * * * * * * * * * * * * * * *
FILED: _____              _____
                                                         **DEPUTY CLERK**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 14th day of May, 2007, I electronically filed the foregoing Third Party Demand with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. **I ALSO CERTIFY** that I have mailed by United States Postal Service, Certified / Return receipt this filing to the following participant on this 15th day of May, 2007, according to the Louisiana Long Arm Statue.

Registered Agent of Record:
Gary Henry
2820 SE Martin Sq. Corp. Pkwy.
Stuart, Florida 34994

_____
                                           **/s/ Sidney L. Shushan**
                                           **SIDNEY L. SHUSHAN, # 12055**